### HART et al. v. HAIGHT.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

SALE—RESCISSION OF CONTRACT.

    Where a purchaser of merchandise returns it to the sellers because it is not of the stipulated quality, and they accept it without objection, there is a mutual rescission of the contract, and the sellers can neither recover the price nor deal with the merchandise in any way on the purchaser's account.

Appeal from Westchester county court.

Action by George W. Hart and Benjamin F. Hart against James H. Haight. The case comes up on defendant's appeal from a judgment of the county court affirming a judgment rendered by a justice of the peace in favor of the plaintiffs.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Eugene B. Travis,* for appellant. *Robert McCord,* for respondents.

DYKMAN, J. This is an appeal from a judgment of the county court affirming a judgment of a court of a justice of the peace in favor of the plaintiffs against the defendant. The appeal to the county court was upon questions of law only, and no new trial in that court was demanded. The facts are substantially these: The plaintiffs are merchants in the city of New York, and the defendant is a retail dealer in Peekskill. In the month of February, 1886, the defendant purchased a quantity of butter from the plaintiffs upon their representation that it was fine, and came from the best butter region in the country. When the butter reached the defendant he discovered upon examination and trial that it was of an inferior quality, and did not answer the representation of the plaintiffs. He then saw one of the plaintiffs and informed him of the inferior quality of the butter, and that he should return the same, and he did so return 12 firkins of the butter to the plaintiffs, who sold it for $25.90 less than the price for which it was sold to the defendant. This action was brought for the recovery of that sum, and the plaintiffs obtained a judgment therefor, as we have stated, and our examination of the case shows both judgments to be contrary to law.

The contract between the parties was an executory contract for the sale of personal property, and when the butter came to be delivered the defendant

had a reasonable time in which to examine the same, and determine its character, and ascertain whether it answered the representations made by the plaintiffs respecting its quality; and when he found it did not answer such representations, and was an inferior article, he had two courses which he might adopt. One was to accept the butter and offset the damages he might sustain by way of counter-claim in an action for the recovery of the price, and the other was to refuse to accept the butter and return it, and thus rescind the contract; and the latter course was the one he pursued. Thereupon the contract was nullified, and the butter remained the property of the plaintiffs, and they could neither recover the price from the defendant nor deal with it in any way on his account, and their attempted sale of the same on account of the defendant was a nullity. They simply sold their own butter. In this case the rescission of the contract was by mutual consent; for the defendant informed one of the plaintiffs of his intention to rescind the contract, and he raised no objection to that course. But the element of mutuality is not essential. The right to rescind the contract resided with the defendant upon the discovery of the inferiority of the quality of the butter. The following authorities justify the principles we have laid down, and the conclusion we have reached. 2 Kent, Comm. (10th Ed.) 660; *Sprague* v. *Blake,* 20 Wend. 64; *Hart* v. *Wright,* 17 Wend. 277; *Gallagher* v. *Waring,* 9 Wend. 28. It follows that the judgment of the county court and that of the court of the justice of the peace should both be reversed, with costs. All concur.